# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAAD AUDO and LILIAN AUDO, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY and DREW FORD, <br><br> Defendants. | Case No.: 3:18-cv-00320-L-KSC <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [Doc. 24]** |

Pending before the Court is Raad and Lilian Audo's (collectively "Plaintiffs") Motion to Remand. The Court decides the matter on the papers submitted and without oral argument. Civ. L. R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Plaintiffs' Motion.

//
//
//
//
//
//
//

1

I. **BACKGROUND**

In January of 2012, "Plaintiffs leased a 2012 Ford Edge vehicle from Defendant Drew Ford ("Drew Ford"), a car dealership located in San Diego County. At some point after leasing, Plaintiffs discovered a large number of mechanical and electronic defects in the vehicle. (Compl. [Doc. 1-2] ¶ 14.) From time of leasing through January 2014, Plaintiffs repeatedly brought the vehicle to Ford authorized repair facilities in the hope that they would cure these defects. Defendant Drew Ford was one such repair facility. Plaintiffs allege that these Ford authorized repair facilities have been unable to cure the defects despite having a reasonable number of opportunities to do so.

Accordingly, on January 8, 2018, Plaintiffs filed a complaint with the Superior Court of California, County of San Diego, alleging, *inter alia*, breach of the implied warranty of merchantability in violation of Cal. Civ. Code §§ 1791.1, 1794. Defendants removed to this Court on February 8, 2018. (See Removal Notice [Doc. 1].) Plaintiffs now move to remand. (Mot. [Doc. 12].) Defendants oppose. (See Opp'n [Doc. 14].)

//
//
//
//
//
//
//
//
//
//
//
//
//
//

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id*. (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Here, Defendants assert diversity jurisdiction under 28 U.S.C. § 1332 as the basis for the Court's subject matter jurisdiction. Diversity jurisdiction does not exist if any defendant is of the same citizenship as any plaintiff. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Furthermore, removal on diversity grounds is improper if any defendant is a citizen of the forum state. 28 U.S.C. § 1441(b)(2). For purposes of this analysis, a court must disregard the citizenship of any fraudulently joined defendants. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent . . . if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris*, 235 F.3d at 1067 (internal citations and quotation marks omitted). Additionally, fraudulently-joined defendants, or "sham" defendants, include those who are protected by an applicable statute of limitations. *Ritchey v. Upjohn Drug Co.*, 139

F.3d 1313, 1320 (9th Cir. 1998). A defendant bears the burden of proving fraudulent joinder by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). This burden is more substantial than the burden a defendant confronts on a Fed. R. Civ. P. 12(b)(6) motion. *See Prendergast v. Capital One, N.A.*, 2016 WL 1658661 *3 (S.D. Cal. 2016). Thus, unless it is clear that a plaintiff could not possibly plead a set of facts sufficient to state a claim against a resident defendant, diversity jurisdiction does not exist. *Ramirez v. Speltz,* 2015 WL 5882065 *3 (N.D. Cal. 2015).

## III. DISCUSSION

The dispositive question here is whether Drew Ford is a sham defendant.[1] Defendants contend that Drew Ford is a sham defendant because the statute of limitations on Plaintiffs' breach of implied warranty claim against Drew Ford has ran. Plaintiffs' implied warranty claim against Drew Ford arises under the Song–Beverly Consumer Warranty Act. The Song-Beverly Act does not include its own statute of limitations. *Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297, 1305–06 (2009); Cal. Civ. Code §§ 1790 *et seq.* However, "California courts have held that the statute of limitations for an action for breach of warranty under the Song–Beverly Act is governed by the same statute that governs the statute of limitations for warranties arising under [§ 2725 of the] Uniform Commercial Code" *Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297, 1305–06 (2009). Section 2725 provides for a four year statute of limitations that begins

---

[1] Defendants also argue that even if Drew Ford is properly named as a defendant, the Court should deny the motion to remand because Drew Ford is not a necessary defendant. (Opp'n 5–6.) Defendants argue that Drew Ford is not necessary because Ford is allegedly obligated by law to indemnify Drew Ford for any liability on the implied warranty claim. Though the necessity of Drew Ford as a defendant might be relevant to a Fed. R. Civ. P. 19 joinder analysis, Defendants cite no authority suggesting this issue is relevant to the sham defendant analysis. If Drew Ford is not a sham defendant, Plaintiffs have a right to name it as a defendant, even if complete relief can effectively be afforded in the absence of Drew Ford's participation.

4

to run when the cause of action accrues. Cal. U. Com. Code § 2725(1). Section 2725 further provides that

> A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, *except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.*

Cal. U. Com. Code § 2725(2)(emphasis added)

There is no dispute as to the fact that Plaintiffs filed their complaint more than four years after tender of delivery. Defendants contend Plaintiffs implied warranty claim against Drew Ford is therefore time barred. This argument is problematic in that it completely ignores the portion of § 2725 ("the Discovery Rule" [italicized above]) concerning warranties of future performance.

More specifically, California Civil Code § 1791.1(c) provides that implied warranties of merchantability last for a minimum duration of sixty days. It follows that Plaintiffs' implied warranty explicitly extends to future performance. *See Kaiser Cement & Gypsum Corp. v. Allis-Chalmers Mfg. Co.*, 35 Cal. App. 3d 948, 960 (1973). The Discovery Rule therefore applies, meaning Plaintiffs' implied warranty claim is time barred only if they actually discovered the breach or should have discovered the breach before January 8, 2014, or four years before they filed their complaint on January 8, 2018.

Plaintiffs could not have become aware of breach until the defects manifested and Defendants demonstrated an inability or unwillingness to remedy the defects. About two years elapsed between the time Plaintiffs leased the vehicle and January 8, 2014, the statute of limitations cutoff date. Plaintiffs allege that they could not have reasonably discovered breach during this time because they were still in the process of taking the car in for repairs and Defendants did not inform Plaintiffs of the nature of the defects or the fact that they were unwilling or unable to cure them. (Compl ¶¶ 7, 34, 43.)

5

3:18-cv-00320-L-KSC

The Court finds these allegations plausible. Furthermore, in their opposition, Defendants fail to address Plaintiffs' Discovery Rule argument. The Court therefore cannot hold as a matter of law that it would be impossible for Plaintiffs to plead a set of facts sufficient to state an implied warranty claim against Defendant Drew Ford. It follows that Drew Ford, a citizen of California, is not a sham defendant.

Removal is prohibited where any defendant is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b)(2); see also *Spencer v. U.S. Dist. Court for Northern Dist. Of Ca.*, 393 F.3d 867, 870 (9th Cir. 2004) ("[T]he presence of a local defendant at the time removal is sought bars removal."). This exception "reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state." *Spencer*, 393 F.3d at 870 (citing Erwin Chemerinsky, <u>Federal Jurisdiction</u> § 5.5 at 345 (4th ed. 2003)). As discussed, Drew Ford is a citizen of California, the state in which this action was brought. Removal was improper.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Remand. Pursuant to 28 U.S.C. 1447(c) this case is hereby remanded to the Superior Court of California for the County of San Diego.

**IT IS SO ORDERED.**

Dated: July 6, 2018

*/s/ M. James Lorenz*
Hon. M. James Lorenz
United States District Judge